# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDINBYRD,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | 1:15-cv-00529-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.    Screening Requirement and Standard

Plaintiff Tony Edinbyrd ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 6, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at Centinela State Prison in Imperial, California.  The events in the complaint are alleged to have occurred at Corcoran State Prison.  Plaintiff names the following defendants:  (1) Warden Dave Davey; (2) Captain R. Whitford; (3) Lieutenant T. Marsh; and (4) Lieutenant V. Marmolejo.

Plaintiff alleges:  On July 24, 2014, Plaintiff was attacked by two inmates and charged with fighting.  He was taken to a holding cell.  His two attackers were placed together in a separate holding cell. Plaintiff agreed to sign a CDC-128-B Chrono stating that the incident was over.  He was sent back to two block on placed on ten days confinement to his cell.  Plaintiff's attackers were sent to five block and placed on five days confinement to their cells.

On Plaintiff's first day off of confinement, he was attacked by a different inmate on August 5, 2014.  Plaintiff was placed in administrative segregation (Ad Seg) where he remained for approximately ten (10) days.  When Plaintiff was released from Ad Seg, he was housed in 3A-5-112.  A few days later, Plaintiff was moved to 3A-5-131, and subsequently attacked by two

inmates in the next cell, 3A-5-130.  Plaintiff claims that this was an obvious set-up by staff who arranged for this third attack to occur.  Plaintiff contends that one of these two attackers was the very same inmate involved in the first attack that occurred on July 24, 2014.  Plaintiff alleges that Defendants have displayed a pattern of blatant disregard to his safety and constitutional rights.  Plaintiff was charged with fighting, but the charges were later dismissed.  As a result of this attack, Plaintiff suffered bleeding to the nose, swollen eyes, cuts, scratches and lacerations that required sutures.

On August 26, 2014, Plaintiff was found guilty of a Division D offense for fighting although he was actually attacked by two inmates on July 24, 2014, and was a victim.  Plaintiff explained that he was attacked by two inmates and he was acting in self-defense.  Officers Paskwietz and Acosta clearly stated in the report that it was a battery and Officer Rogue clearly stated Plaintiff was the victim.   Plaintiff lost 90 days good-time credit and 30 days loss of telephone and television privileges.

The August 5, 2014 attack resulted in a CDC 115 Rules Violation Report for fighting. On August 21, 2014, the senior hearing officer found the Plaintiff guilty and took 90 days of good time credit, plus 90 days loss of privileges on Group C status.

Plaintiff alleges that had the Defendants performed their duties on July 24, 2014, following the first incident, the second and third assaults would never have occurred.  Plaintiff contends that Defendants are liable for a total disregard for his safety.

When Plaintiff made an effort to exhaust his administrative remedies by filing a CDC 602 Inmate Appeal dated September 21, 2014, the appeals office continued to make excuses not to process the 602. On December 9, 2014, even after Plaintiff complied with the instructions, the appeals office cancelled the appeal by falsely claiming that he failed to correct and return a rejected appeal within thirty days.  Plaintiff filed another appeal challenging the cancellation. Plaintiff claims that prison officials have prevented him from exhausting his administrative remedies and the improper screening rendered his administrative remedies unavailable.

Plaintiff asserts a cause of action for violation of the Eighth Amendment for failing to protect him from assault. Plaintiff seeks injunctive relief, including the restoration of good time credits, along with compensatory and punitive damages.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to link any of the defendants to his constitutional claim. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

#### B. Supervisory Liability

Insofar as Plaintiff brings suit against Defendant Davey or other individuals based on their supervisory roles, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal

connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Davey (or any other supervisory defendant) either was personally involved in the alleged constitutional violations or instituted a deficient policy.

**C. Heck Bar**

As a general matter, state prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–2. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Here, Plaintiff seeks restoration of his good time credits related to disciplinary proceedings arising out of the assaults on July 24, 2014, and August 5, 2014. As Plaintiff's success would necessarily invalidate the results of the disciplinary proceedings, he may not pursue the claim in this action unless he can demonstrate that his disciplinary conviction has

been invalidated.  Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 2373, 129 L.Ed.2d 383 (1994) (until and unless favorable termination of the conviction or sentence occurs prisoner has no cause of action under section 1983).

   **D. Eighth Amendment – Failure to Protect**

  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

  Here, Plaintiff fails to adequately allege that any defendant demonstrated deliberate indifference to conditions posing a substantial risk of serious harm.  Plaintiff does not include any factual allegatios indicating that any of the defendants knew of any risk to Plaintiff from an assault by other prisoners.  Indeed, as discussed above, Plaintiff has failed to link any defendant to a constitutional violation.  Further, Plaintiff's allegations that he was attacked on July 24 and August 5 are contradicted by the guilty findings for fighting in the disciplinary proceedings.

   **IV. Conclusion and Order**

  For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his

been invalidated.  Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 2373, 129 L.Ed.2d 383 (1994) (until and unless favorable termination of the conviction or sentence occurs prisoner has no cause of action under section 1983).

**D.   Eighth Amendment – Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff fails to adequately allege that any defendant demonstrated deliberate indifference to conditions posing a substantial risk of serious harm.  Plaintiff does not include any factual allegatios indicating that any of the defendants knew of any risk to Plaintiff from an assault by other prisoners.  Indeed, as discussed above, Plaintiff has failed to link any defendant to a constitutional violation.  Further, Plaintiff's allegations that he was attacked on July 24 and August 5 are contradicted by the guilty findings for fighting in the disciplinary proceedings.

**IV.   Conclusion and Order**

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his

complaint to cure the identified deficiencies to the extent he is able to do so in good faith. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **August 3, 2015**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE